Filed 6/29/22  P. v. Hill CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060426 |
| v. | (Super. Ct. No. 09CF1955) |
| CURTIS JAMES HILL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Steve Oetting, Acting Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, appellant Curtis James Hill was sentenced to life in prison without parole for a special circumstances murder he committed with John McKinney. Because appellant's jury was not required to decide whether it was him or McKinney who actually killed the victim, appellant contends the trial court erred in summarily denying his petition for resentencing under Penal Code section 1170.95.[1] However, in convicting appellant of special circumstances murder, the jury found he personally committed an act that caused the victim's death. In addition, appellant admitted as part of an earlier guilty plea that he participated in the beating that led to the victim's death. Under these circumstances, appellant is legally ineligible for resentencing. We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

*Basic Underlying Facts*

Early one morning in 2003, 77-year-old Cecil Warren was found lying in the fetal position next to his van in a Huntington Beach parking lot. His face was bloody and swollen, and when the police arrived on the scene, he said he had been "jumped" and "beaten up." He was taken to the hospital, where he soon lapsed into a coma and was placed on life support. Roughly four years later, he died from bronchopneumonia that was brought about by an infection from his feeding tube.

Appellant was connected to the incident via surveillance cameras and DNA. When interviewed by investigators, he said he and McKinney spotted Warren's van in the parking lot after they had been out drinking. Because the van was open and no one was around it, they decided to go "fuck around" with it. As they were poking around inside the van, Warren appeared and asked them what they were doing. Appellant responded by punching Warren in the face. After Warren slumped to the pavement, appellant searched

---

[1] All further statutory references are to the Penal Code.

2

his pockets and took his wallet. Then he kicked Warren in the head before fleeing the scene with McKinney.

*Original Charges*

Appellant and McKinney were initially charged with assault and robbery. In pleading guilty to those charges, appellant admitted he personally punched and kicked Warren in the face when he took his property, thereby causing Warren to suffer great bodily injury. He was sentenced to nine years in prison for his actions. McKinney, meanwhile, was convicted by jury and sentenced to four years in prison.

*Murder Charges*

Following Warren's death, appellant and McKinney were jointly charged with first degree and special circumstances felony murder for causing Warren's death in the course of a robbery and a burglary. (§§ 187, subd. (a), 189, 190.2, subd. (a)(17).) However, each defendant was tried separately. Appellant's trial centered around whether the beating he inflicted on Warren was the cause of Warren's death. As to that issue, the prosecution presented expert testimony Warren died from bronchopneumonia that was brought about by an infection from his feeding tube. The experts testified the feeding tube was part of Warren's life support system, which was necessitated by the beating he suffered from appellant.

The jury found the burglary-murder special circumstance allegation not true, but it convicted appellant of first degree felony murder and found the robbery-murder special circumstance allegation true. The trial court sentenced him to life in prison without the possibility of parole.

At McKinney's trial, the prosecution presented evidence that both he and appellant participated in the beating that Warren suffered in 2003. Although the jury acquitted McKinney of first degree murder, it convicted him of second degree implied malice murder, and the trial court sentenced him to prison for 15 years to life.

3

On appeal, we affirmed the judgments against appellant and McKinney. (See *People v. Hill* (Nov. 5, 2013, G046249) [nonpub. opn.]; *People v. McKinney* (Nov. 22, 2013, G047331) [nonpub. opn.].) However, that was not the end of their legal odysseys.

### Subsequent Legal Developments

In 2018, the Legislature enacted Senate Bill No. 1437 (SB 1437), which narrowed the scope of the murder statutes in this state. As relevant here, SB 1437 modified the felony murder rule so that it can only be applied in cases in which the defendant 1) was the actual killer, 2) aided and abetted the actual killer in the commission of first degree murder, or 3) was a major participant in the underlying felony and acted in a manner that was recklessly indifferent to human life. (§ 189, subd. (e).)

SB 1437 also created a statutory procedure, codified in section 1170.95, by which defendants who have been convicted of murder based on the felony murder rule may petition for vacatur and resentencing if their conduct did not constitute felony murder as redefined by SB 1437. If the defendant makes a prima facie case to that effect, the trial court must issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt appellant is ineligible for resentencing. (*Id.*, subd. (d)(3).) Otherwise, the court must vacate his conviction for murder and resentence him per the terms of section 1170.95.

### McKinney's Petition for Resentencing

In 2019, McKinney unsuccessfully petitioned for resentencing pursuant to section 1170.95. In denying McKinney relief, the trial court found "there is substantial evidence [McKinney] was the actual killer."

### Appellant's Petition for Resentencing

Appellant's section 1170.95 petition was litigated after McKinney's petition was denied. The main issue at the hearing was whether the record of conviction

4

established appellant actually killed Warren, so as to render him ineligible for resentencing as a matter of law. As to that issue, appellant's attorney pointed out McKinney's petition for resentencing had previously been denied based upon the strength of the evidence at McKinney's trial showing that he was the one who actually killed Warren. In light of that ruling, counsel argued it would be inconsistent to deny appellant's petition on the basis that he (appellant) actually killed Warren. However, the trial court found the record of conviction in appellant's case proved he was convicted on that basis. Therefore, it denied his petition for failure to present a prima facie case for relief.

DISCUSSION

Appellant concedes his jury determined his actions caused Warren's death. However, appellant contends that fact is not determinative of his right to resentencing under section 1170.95. That's because he and McKinney were tried separately, and his jury did not have to consider McKinney's role in the beating in assessing his culpability. Since appellant's jury never had to decide whether his conduct caused Warren's death *in relation to McKinney's conduct*, appellant argues the trial court erred in denying his petition on the basis he was the person who actually killed Warren. For the reasons explained below, we disagree.

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court made it clear the bar for establishing a prima facie case for resentencing under section 1170.95 is very low, and the trial court's role in determining whether that bar has been cleared in a given case is limited in numerous respects. (*Id*. at pp. 970-972.) For instance, the trial court must accept the petitioner's allegations as true and refrain from judicial factfinding. (*Ibid*.) However, the trial court may consider the record of conviction, which includes the jury instructions, verdict forms and any guilty pleas. (*Ibid*.; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-33, overruled on other grounds in *Lewis, supra*, 11 Cal.5th at pp. 961-962.) And if the record of conviction shows the petitioner is ineligible for

5

resentencing as a matter of law, the trial court may summarily deny his petition without an evidentiary hearing.  (*Ibid*.)

Appellant's eligibility for resentencing turns on whether the jury in his case found he actually killed Warren.  With respect to that issue, the jury was instructed that in order to return a true finding on the special circumstances allegations, it had to find appellant "did an act that caused the death of another person."  (CALCRIM No. 730.)  In addition, the jury was instructed, "An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act. . . . *There may be more than one cause of death.  An act causes death only if it is a substantial factor in causing the death.  A substantial factor is more than a trivial or remote factor.  However, it does not need to be the only factor that causes the death*."  (CALCRIM No. 620, italics added.)

As this court recently acknowledged, a defendant can cause a person's death without personally killing them.  (*People v. Lopez* (2022) 78 Cal.App.5th 1.)  For example, if the defendant does an act that facilitates a killing by assisting the person who committed the fatal act, the defendant may have caused the killing in the sense his conduct was a substantial factor in the victim's death.  But in that situation, the defendant cannot be said to have been the actual killer, and therefore it would be improper to deny his petition for resentencing on that basis without an evidentiary hearing.  (*Id*. at pp. 10-11.)

At appellant's trial, however, there was no evidence appellant aided and abetted Warren's murder, and no instructions were given on that theory.  Rather, the evidence indisputably established appellant personally inflicted the beating on Warren.  Not only did defense counsel concede this point in closing arguments, but appellant admitted it as part of the factual basis for his guilty plea in his earlier case.  Thus, it is part of the record of conviction for purposes of his section 1170.95 petition.  (*People v.*

6

*Nguyen* (2020) 53 Cal.App.5th 1154, 1166-1168; *People v. Verdugo, supra*, 44 Cal.App.5th at pp. 329-330.)

So are the jury instructions and verdict from his trial, which prove the jury found appellant personally committed an act that caused, i.e., *was a substantial factor in*, Warren's death. Taken as whole, the record of conviction thus proves appellant is the one who actually killed Warren. (Compare *People v. Lopez, supra*, 78 Cal.App.5th at pp. 11-12 [trial court erred in summarily denying defendant's request for resentencing on felony murder conviction where record failed to establish defendant's role in killing].)

Appellant argues that should not foreclose him from obtaining relief under section 1170.95 because in McKinney's trial there was evidence McKinney also participated in Warren's beating, and more recently, McKinney's resentencing petition was denied on the basis he was the person who killed Warren. That, however, is not correct. The trial court denied McKinney's resentencing petition on the ground there was substantial evidence to find McKinney *killed* Warren. That finding does not preclude the possibility that appellant *also* killed Warren.

In that regard, it is important to keep in mind that there can be more than one actual killer if multiple people carried out acts that contributed to the victim's death. (See, e.g., *People v. Pock* (1993) 19 Cal.App.4th 1263, 1274-1275 [jury could reasonably find defendant was actual killer where he and his codefendant both fired gunshots that fatally wounded the victim].) While personal involvement in the killing is still required to warrant the actual killer designation, the defendant need not act alone. Instead, it will suffice if the defendant's actions are a concurrent cause of the victim's death. (*People v. Garcia* (2020) 46 Cal.App.5th 123, 153-154.)

Appellant ignores this point of law. Viewing the actual killer requirement in binary terms, he assumes that for any given murder there can only be one actual killer, and therefore he cannot be denied resentencing until the prosecution proves he actually killed Warren, and not McKinney. However, based on the record of conviction in this

7

case, we know appellant's actions in hitting and kicking Warren in the head were at least a concurrent cause of Warren's death. Appellant's jury found that he personally committed an act that was a substantial factor in Warren's ultimate demise. Therefore, even if appellant was not the sole killer, he was an actual killer for purposes of the new felony murder rule that was ushered in as part of SB 1437. Accordingly, the trial court properly denied his section 1170.95 petition for failure to state a prima facie case for relief.

DISPOSITION

The trial court's order denying appellant's motion for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

8